UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN ASTRID BERGERON, | CASE NO. C24-0929JLR |
| Appellant, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1, | |
| Appellee. | |

On July 18, 2024, attorney Scott E. Stafne filed a notice of limited appearance on behalf of Appellant Carmen Astrid Bergeron "for purposes of challenging the subject matter jurisdiction of this Court acting through Senior Judge (SJ) James L. Robart." (Notice (Dkt. # 5) at 1-2.) The same day, Mr. Stafne, acting on behalf of Ms. Bergeron, filed a "motion to schedule discovery and evidentiary hearing and briefing regarding

ORDER - 1

district court's subject matter jurisdiction over this bankruptcy court appeal." (Mot. (Dkt. # 6); *see also* Stafne Decl. (Dkt. # 7).)  The court DENIES the motion as frivolous and STRIKES Mr. Stafne's notice of limited appearance.

The court is familiar with Mr. Stafne, as this is not the first occasion on which Mr. Stafne has attacked the undersigned's constitutional authority to adjudicate cases as a senior judge.  In *Hoang v. Bank of America, N.A.*, Mr. Stafne argued "that because the undersigned ha[d] elected to take 'senior status' pursuant to 28 U.S.C. § 371(b)(1), he [was] unconstitutionally exercising Article III judicial power without having that 'good behavior tenure' required by the Constitution."  No. C17-0874JLR, 2021 WL 615299, at *4 (W.D. Wash. Feb. 17, 2021) (internal quotation marks omitted).  The court considered and rejected Mr. Stafne's senior-judge argument on the merits because "[s]enior judges 'are, of course, life-tenured Article III judges.'"  *Id.* (quoting *Nguyen v. United States*, 539 U.S. 69, 72 (2003)).  The court further noted Mr. Stafne had unsuccessfully "attacked the ability of senior judges to adjudicate cases and attempted to disqualify senior jurists in two previous cases in the Western District of Washington, both of which were affirmed on various grounds by the Ninth Circuit."  *Id.*  *See Bank of N.Y. Mellon v. Stafne*, 824 F. App'x 536, 536 (9th Cir. 2020) ("[Mr. Stafne's] argument that the senior district judge who heard his case was a 'retired judge' merely 'acting as an Article III judge in this case,' is without merit."); *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1097-98 (W.D. Wash. Oct. 9, 2018), *aff'd*, 820 F. App'x 594, 595 (9th Cir. 2020).

Since *Hoang*, Mr. Stafne has continued to advance his senior-judge argument in various forms without success.  Every court that has considered Mr. Stafne's senior-judge

argument has rejected it. *See, e.g.*, *Stafne v. Burnside*, No. C16-0753JCC, 2022 WL 2073074, at *1-2 (W.D. Wash. June 9, 2022) ("A Supreme Court decision, a Sixth Circuit opinion, and several rulings from this Court and the Ninth Circuit all indicate, in various ways and for various reasons, that senior status is constitutional."), *aff'd*, 2024 WL 2318169, at *1 (9th Cir. 2024) (noting "[t]his is not the first time Stafne has made his senior-judge argument in [the Ninth Circuit]," and rejecting the same on the merits); *de Botton v. Quality Loan Serv. Corp. of Wash.*, No. 23-0223RSL, 2023 WL 8472422, at *2 (W.D. Wash. Dec. 7, 2023) (noting Mr. Stafne's argument "has been squarely rejected every time" and "cannot be justified by a reasonable hope that existing law will be extended, modified, reversed, or changed in his favor"), *aff'd*, 2024 WL 458277, at *1-2 (W.D. Wash. Jan. 10, 2024).

Unfazed, Mr. Stafne has selected this bankruptcy appeal as his latest vehicle to attack the constitutional authority of senior judges. Having carefully reviewed Mr. Stafne's motion and supporting materials, the court concludes the motion is frivolous. Mr. Stafne merely repeats arguments and authorities that this court and others have rejected numerous times under binding precedent that firmly upholds the constitutionality of senior status. To the extent Mr. Stafne attempts to couch his senior-judge argument in new, different, and/or previously uncited authorities, that effort fails. (*See* Mot. at 2-5 (citing *Stern v. Marshall*, 564 U.S. 462 (2011)).) For example, *Stern* stands for the narrow proposition that bankruptcy courts lack jurisdiction to decide certain common law claims that are unrelated to the bankruptcy estate. *See Stern*, 564 U.S. at 499. *Stern* says nothing about a senior district judge's jurisdiction to decide a bankruptcy appeal, and the

ORDER - 3

case cannot reasonably be read to support Mr. Stafne's belief that senior judges are not Article III judges.  The court therefore DENIES Ms. Bergeron's motion (Dkt. # 6) as frivolous.  Ms. Bergeron and Mr. Stafne are warned that further frivolous motions may result in sanctions.

In addition, Washington Rule of Professional Conduct 1.2(c) provides that "[a] lawyer may limit the scope of representation if the limitation is reasonable under the circumstances and the client gives informed consent."  Washington Rules of Professional Conduct RPC 1.2(c); *see also* Local Rules W.D. Wash LCR 83.3(a)(2) (requiring "attorneys appearing in this district [to] be familiar with and comply with . . . [t]he Washington Rules of Professional Conduct").  Having concluded Mr. Stafne's jurisdictional attack on the undersigned's senior status is frivolous, the court concludes Mr. Stafne's limited-scope appearance in this matter is not reasonable under the circumstances.  The court therefore STRIKES Mr. Stafne's notice of limited appearance (Dkt. # 5) and advises Ms. Bergeron that, as of July 29, 2024, the court considers her a *pro se* litigant.

Dated this 29th day of July, 2024.

JAMES L. ROBART
United States District Judge