UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN ASTRID BERGERON, | CASE NO. C24-0929JLR |
| Appellant, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1, | |
| Appellee. | |

Before the court is Appellant Carmen Astrid Bergeron's motion, filed through attorney Scott E. Stafne, for reconsideration of the court's August 10, 2024 order denying Ms. Bergeron's motion to schedule discovery and an evidentiary hearing in this bankruptcy appeal proceeding. (Recon. Mot. (Dkt. # 13); *see also* 8/10/24 Order (Dkt. # 10); Discovery Mot. (Dkt. # 6).) By way of background, Mr. Stafne filed a notice of

ORDER - 1

limited appearance in this action solely for purposes of challenging the court's subject matter jurisdiction.  (Notice (Dkt. # 5) at 1-2; *see id.* at 2 (explaining why Mr. Stafne could not represent Ms. Bergeron with respect to the merits of her appeal).)  Shortly thereafter, Mr. Stafne, acting on behalf of Ms. Bergeron, filed the motion to schedule discovery, arguing the undersigned lacks constitutional authority to adjudicate this case by virtue of taking senior status—an argument that Mr. Stafne has persistently raised in numerous cases without success.  (*See generally* Discovery Mot.; *see also* 8/10/24 Order at 2-3 (collecting cases and noting "[e]very court that has considered Mr. Stafne's senior-judge argument has rejected it," including the Ninth Circuit).)  The court denied the motion as frivolous and struck Mr. Stafne's notice of limited appearance as unreasonable pursuant to Washington Rule of Professional Conduct 1.2(c).  (8/10/24 Order at 4 (first citing Washington Rules of Professional Conduct RPC 1.2(c) (permitting limited appearances only where such "limitation is reasonable under the circumstances"); then citing Local Rules W.D. Wash. LCR 83.3(a)(2) (requiring "attorneys appearing in this district [to] be familiar with and comply with . . . [t]he Washington Rules of Professional Conduct").)  The court will not reconsider its prior order and therefore DENIES Ms. Bergeron's motion.

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1); *see also id.* LCR 7(h)(2) (requiring the motion to "point out with specificity the matters which the

movant believes were overlooked or misapprehended by the court" and "any new matters being brought to the court's attention for the first time").  "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Ms. Bergeron seeks reconsideration for three reasons:  (1) the court overlooked the need to conduct fact finding "regard[ing] what impact the language of 28 U.S.C. § 294 has on [senior judges'] good behavior tenure"; (2) the court "does not appear to be neutral with regards to this matter"; and (3) the court "should consider the facts set forth in [Mr.] Stafne's request for ethical advice submitted to the Washington Bar Association."  (Recon. Mot. at 4-9; *see also* Stafne Decl. (Dkt. # 14).)  First, the question whether Senior District Judges qualify as Article III judges is a question of law that has been authoritatively answered, and thus does not warrant fact finding.  (*See* 8/10/24 Order at 2-3.)  Second, Mr. Stafne's speculative assessment of the court's neutrality lacks merit and falls well short of showing "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  Third, the facts set forth in Mr. Stafne's decaration and supporting materials are not new or relevant, and do not otherwise require reconsideration.

In sum, Ms. Bergeron fails to meet her "heavy burden" of showing she is entitled to the "extraordinary remedy" of reconsideration.  *Kona Enters.*, 229 F.3d at 890.  The court therefore DENIES Ms. Bergeron's motion for reconsideration (Dkt. # 13). Mr. Stafne's limited appearance remains stricken, and he is warned that any further pleadings

or documents he files in the absence of a proper notice of appearance will likewise be stricken.  Ms. Bergeron is advised that the court continues to consider her a *pro se* litigant.

Dated this 16th day of August, 2024.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4