1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   CARMEN ASTRID BERGERON,                CASE NO. C24-0929JLR

11             Plaintiff-Appellant,          ORDER
12      v.

13   DEUTSCHE BANK NATIONAL
     TRUST COMPANY AS
14   INDENTURE TRUSTEE FOR NEW
     CENTURY HOME EQUITY LOAN
15   TRUST 2006-1,

16             Defendant-Appellee.

17

18   **I.   INTRODUCTION**

19      Before the court are *pro se* Plaintiff-Appellant Carmen Bergeron's (1) appeal of

20   the order of the United States Bankruptcy Court for the Western District of Washington

21   granting Carrington Mortgage Services ("Carrington") as servicing agent for Defendant-

22   Appellee Deutsche Bank National Trust Company, as Indenture Trustee for New Century

ORDER - 1

Home Equity Loan Trust 2006-1 ("Deutsche Bank") relief from the automatic stay (App. Record (Dkt. # 9-1) at 5 (citing *In re Carmen Astrid Bergeron*, 23-12506CMA (Bankr. W.D. Wash.), Bankr. Dkt. # 37 ("Stay Order")),[1] and (2) Ms. Bergeron's motion for leave to file supplemental briefing. (Mot. (Dkt. # 30).) Ms. Bergeron filed an opening brief in support of her appeal. (App. Br. (Dkt. # 17).) Deutsche Bank did not file a response brief. (*See generally* Dkt.) The court has considered Ms. Bergeron's brief, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court AFFIRMS the bankruptcy court's order granting stay relief and DENIES Ms. Bergeron's motion for leave to file supplemental briefing.

## II.   BACKGROUND

Below, the court summarizes the factual and procedural background of Ms. Bergeron's appeal.

**A.    Factual Background**

This matter arises out of Ms. Bergeron's chapter 7 bankruptcy case in the United States Bankruptcy Court for the Western District of Washington. *See In re Carmen Astrid Bergeron*, 23-12506CMA (Bankr. W.D. Wash.). On February 17, 2006, before filing for bankruptcy relief, Ms. Bergeron executed an Adjustable Rate Balloon Note for

---

[1] Ms. Bergeron included most, if not all, of the bankruptcy court docket in the record on appeal. (*See* App. Record at 1-7.) For ease of reference, citations to the "Bankr. Dkt." refer to the applicable docket number of the bankruptcy docket filings included in the record on appeal.

[2] Ms. Bergeron did not request oral argument (*see generally* App. Br.), and the court concludes that oral argument is not necessary to its disposition of Ms. Bergeron's appeal. Local Rules W.D. Wash. LCR 7(b)(4).

a $522,500.00 loan, with annual interest, to lender New Century Mortgage Corporation ("New Century").[3] (Arroyo Decl. (Bankr. Dkt. # 29-1) ¶ 4, Ex. 1 (Bankr. Dkt. # 29-3) at 1-4 ("Note")). To secure repayment of the loan, Ms. Bergeron granted to New Century and its successors and/or assigns a deed of trust encumbering Ms. Bergeron's property located at 5019 Ocean Avenue, Everett, Washington 98203 ("Everett Property"). (*Id.* ¶ 5, Ex. 2 at 5-20 ("DOT")). New Century subsequently assigned its interest in the Note and deed of trust to Deutsche Bank. (*Id.*, Ex. 3 at 26-27 ("Assigned DOT")). That assignment was recorded on May 20, 2010. (*See id.* at 1.)

Ms. Bergeron defaulted on the loan by failing to make a monthly installment payment that came due on January 1, 2014, and all payments after that date. (Tr. (Dkt. # 11) at 21.) Ms. Bergeron has not made any payments on the loan since May 2008. (*Id.*) As of January 11, 2024, the unpaid principal balance on the loan was $517,624.88, and the outstanding total amount of the obligation owed to Deutsche Bank was $998,179.06, plus interest. (*Id.* at 22; Stay Mot., (Bankr. Dkt. # 29) at 2.) On or about January 9, 2020, Carrington commenced a state court action to judicially foreclose on the Everett Property. (*Id.* at 3.)

On December 26, 2023, while the foreclosure action was pending, Ms. Bergeron filed a voluntary petition for chapter 7 bankruptcy relief. (Petition (Bankr. Dkt. # 1).) On May 15, 2024, Carrington, acting in its capacity as servicing agent for Deutsche Bank, moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) seeking

---

[3] The Note was also executed by Ms. Bergeron's spouse, Thomas E. Bergeron. (*See id.*) Mr. Bergeron is not a party to this appeal.

1  authority to proceed with its pending judicial foreclosure action against Ms. Bergeron.
2  (*See generally* Stay Mot.)  On June 12, 2024, after a hearing, the bankruptcy court
3  granted Carrington's motion, thereby terminating the automatic stay as to Carrington, as
4  servicing agent for Deutsche Bank, and authorized Carrington to continue the judicial
5  foreclosure proceedings to enforce Deutsche Bank's security interest in the Everett
6  Property.  (Stay Order at 2.)  Ms. Bergeron appealed the bankruptcy court's order.  (*See*
7  Dkt. # 1.)

**B.   Procedural Background**

Ms. Bergeron filed her opening brief on September 24, 2024.  (*See generally* App. Br.)  The court subsequently set a briefing schedule ordering Deutsche Bank to respond to Ms. Bergeron's opening brief by October 24, 2024.  (10/2/2024 Order (Dkt. # 18).)  Counsel for Deutsche Bank appeared in this case on October 4, 2024, and October 11, 2024.  (*See* Appearances (Dkt. ## 19, 20).)  On October 11, 2024, Deutsche Bank moved the court to extend its deadline to respond to Ms. Bergeron's brief to December 23, 2024.  (Ext. Mot. (Dkt. # 21).)  The court granted that motion. (10/22/24 Min. Order (Dkt. # 22).)

Deutsche Bank did not file a response.  (*See generally* Dkt.)[4]  Instead, on January 8, 2024, Deutsche Bank filed a "notice of disinterestedness in appeal" stating that "the

---

[4] On January 2, 2025, Ms. Bergeron moved for the entry of default pursuant to Federal Rule of Civil Procedure 55(a) against Deutsche Bank for its failure to timely file a response.  (*See* Default Mot. (Dkt. # 23).)  The court ultimately denied that motion, but stated that the court would "consider Ms. Bergeron's appeal based on the materials currently filed on the record."  (1/27/25 Order. (Dkt. # 27) at 3.)

issues presented by [a]ppellant question the Bankruptcy Court's standard of review" and that Deutsche Bank "does not intend to take a position" on that issue. (Not. (Dkt. # 26) at 1.) Deutsche Bank also stated that "[t]o the extent that no monetary relief is awarded against it, Deutsche Bank is otherwise disinterested in [appellant's] appeal." (*Id.* at 2.) Accordingly, in reviewing the bankruptcy court's stay relief order, the court considers the materials Ms. Bergeron filed on the record in support of her appeal of the stay relief order.

### III.    ANALYSIS

The court first addresses Ms. Bergeron's motion for leave to file supplemental briefing. The court next summarizes the applicable legal standards governing its review of the bankruptcy court's stay relief order, and then addresses Ms. Bergeron's arguments in support of her appeal.

**A.    Motion for Leave to File Supplemental Briefing**

As a threshold matter, Ms. Bergeron seeks leave to file supplemental briefing in support of her appeal of the bankruptcy court's stay relief order. (*See* Mot.) Ms. Bergeron represents that her motion is based on "newly discovered evidence" demonstrating a "strategic scheme to circumvent judicial authority." (*Id.* at 1.) The proposed supplemental brief attached to Ms. Bergeron's motion asserts violations of 11 U.S.C. § 363 in connection with the sale of her home.

These arguments and "new" evidence, however, were not before the bankruptcy court when it granted stay relief, nor did the bankruptcy court address these issues. Accordingly, the court denies Ms. Bergeron's motion and will not consider these new

arguments in this appeal. *See In re Yun*, 476 B.R. 243, 251 (B.A.P. 9th Cir. 2012) ("an appellate court will not consider an issue unless it was raised and considered by the [bankruptcy] court"); *In re Home America T.V.-Appliance Audio, Inc.*, 232 F.3d 1046, (9th Cir. 2000) (declining to consider on appeal a new legal argument never presented to the bankruptcy court).

**B.     Standard of Review**

District courts have jurisdiction to hear appeals from a final judgment and order in a bankruptcy proceeding. *See* 28 U.S.C. § 158(a)(1). A bankruptcy court's order granting relief from the automatic stay is reviewed for an abuse of discretion. *In re Griffin*, No. BAP WW-11-1362-HKIJU, 2012 WL 1191894, at *2 (B.A.P. 9th Cir. Apr. 6, 2012), *aff'd*, 719 F.3d 1126 (9th Cir. 2013). "A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* The court may affirm the bankruptcy court's ruling on any basis supported by the record. *See, e.g.*, *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999).

**C.     The Bankruptcy Court's Stay Relief Order**

The filing of a bankruptcy petition automatically stays "any act to obtain possession of property of the estate[.]" 11 U.S.C. § 362(a)(3). Under 11 U.S.C. § 362(d), however, the bankruptcy court may grant relief from the automatic stay "on request of a party in interest." 11 U.S.C. § 362(d). "Status as a party in interest 'must be determined on a case-by-case basis, with reference to the interest asserted and how [that]

interest is affected by the automatic stay.'" *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 913 (B.A.P. 9th Cir. 2011). A party has standing to seek stay relief "if it has a property interest in, or is entitled to enforce or pursue remedies related to, the secured obligation that forms the basis of its motion." *Id.* at 902.

Stay relief proceedings are "very limited." *In re Cruz*, 516 B.R. 594, 602 (B.A.P. 9th Cir. 2014). "A proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding." *In re Griffin*, 719 F.3d 1126, 1128 (9th Cir. 2013). Consequently, in considering a motion for stay relief, the court "should not . . . adjudicat[e] [] the merits" of the parties' dispute for which stay relief is being sought. *In re Luz Intern., Ltd.*, 219 B.R. 837, 842 (B.A.P. 9th Cir. 1998).

Ms. Bergeron argues that, in granting stay relief, the bankruptcy court failed to consider (1) whether Carrington has standing to move for stay relief; (2) "evidence of documentation fraud and perjury perpetrated" by Deutsche Bank; (3) that Carrington failed to produce evidence of a wet-inked note; and (4) that Carrington did not file a proof of claim. (*See* App. Br. at 8-10.) For the reasons discussed below, the court affirms the bankruptcy court's order.

    1. <u>Article III Standing</u>

Ms. Bergeron argues that the bankruptcy court failed to adequately inquire into whether the Carrington, as service agent for Deutsche Bank, "had Article III standing to make claims before the [bankruptcy court]." (App. Br. at 8; *see id.* at 8-9.) Standing is a legal issue that the district court reviews *de novo*. *Veal*, 450 B.R. at 906. The movant

must have constitutional standing, which is "predicated on the 'case or controversy' requirement of Article III of the [United States] Constitution," and prudential standing, which, as relevant here, requires the movant to have "the legal right under applicable substantive law to enforce the obligation at issue[.]" *In re Jacobsen*, 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009). Under Washington law, "only the holder of the obligation secured by the deed of trust [i.e., a promissory note] is entitled to foreclose." *Id.* Therefore, servicing agents seeking stay relief on behalf of the holder of a note "do not automatically have standing[.]" *Id.* Rather, the servicing agent must provide admissible evidence[5] showing who "presently holds [the] [d]ebtor's note" and the servicing agent's authority to act for the note holder. *Id.* at 367.

In Ms. Bergeron's bankruptcy case, Carrington moved for stay relief in its capacity as servicing agent for Deutsche Bank. (*See* Stay Mot.) In support, Carrington filed the declaration of Elsa C. Arroyo, a Carrington employee, which included "true and correct copies of [Ms. Bergeron's] deed of trust with New Century . . . and the assignment of [the] deed of trust from New Century to Deutsche Bank." (Tr. at 24 (citing DOT and Assigned DOT).) The bankruptcy court held that these documents

---

[5] To support its stay relief claim, the servicing agent may submit evidence that qualifies as business records within the meaning of Federal Rule of Evidence 803(6). *See In re Harms*, 603 B.R. 19, 29 (B.A.P. 9th Cir. 2019). Rule 803(6)(D), in turn, requires the servicing agent to provide "[a] custodian or other qualified witness" who can "testif[y]" that the conditions of Rule 803(6) are satisfied. *See* Fed. R. Evid. 803(6)(D); *Harms*, 603 B.R. at 29 ("The testifying witness . . . only needs to demonstrate that she is familiar with, and understands, the record keeping system.") (citing *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990), *as amended on denial of reh'g* (April 23, 1991)).

demonstrated that Carrington had standing to bring the stay relief motion on behalf of Deutsche Bank. (*Id.*)

The record supports the bankruptcy court's holding. Ms. Arroyo represents that she is "responsible for managing the day-to-day activities . . . with respect to [Deutsche Bank's] loans" and is a "custodian of . . . the books, records, files, and banking records pertain[ing] to the subject loan." (Arroyo Decl. ¶ 2.) Attached as exhibits to Ms. Arroyo's declaration are copies of (1) the February 17, 2006 Note executed by Ms. Bergeron and her husband in favor of New Century; (2) the February 17, 2006 deed of trust granting New Century a security interest in the Everett Property; (3) the recorded[6] assignment of deed of trust reflecting New Century's assignment of its interests in the note and deed of trust to Deutsche Bank, with Carrington listed as "attorney in fact"; (4) a payoff statement purportedly created by Carrington; and (5) a payment history on the loan purportedly maintained by Carrington between 2008 and 2023. (*See* Arroyo Decl. ¶¶ 3-6, Exs. 1-5.) Ms. Arroyo "declare[d] under penalty of perjury" that her declaration and accompanying exhibits were "true and correct." (*Id.* at 3.) These records show that Deutsche Bank is the holder of the Note and that Carrington has authority to act on its behalf. Ms. Bergeron did not provide any evidence to rebut the bankruptcy court's conclusion. (*See* Tr. at 23 ("the Debtor did not provide any evidence to support her assertion that Deutsche Bank is not the holder of the [N]ote and that Carrington does not have a right to seek relief.")); *see also* Fed. R. Evid. 803(6)(E) (stating that the opponent

---

[6] The assignment of deed of trust was recorded on May 20, 2010. (*Id.* at 26.)

ORDER - 9

bears the burden of showing that proffered business records "indicate a lack of trustworthiness"). Accordingly, the court concludes that the bankruptcy court correctly resolved that Carrington had standing to move for stay relief on behalf of Deutsche Bank.

### 2. Colorable Claim to Relief

Ms. Bergeron also contends that Carrington "failed to sufficiently prove the alleged debt." (*See* App. Br. at 9.) The court understands Ms. Bergeron to argue that Carrington did not establish that Deutsche Bank has a property interest in the Everett Property. But for purposes of a stay relief motion, the movant "need only establish that it has a colorable claim to the property at issue." *Griffin*, 719 F.3d at 1128 (citing *Veal*, 450 B.R. at 914-15)). Here, the bankruptcy court held that Carrington's submission of the deed of trust and the assignment of the deed of trust and Note from New Century to Deutsche Bank collectively demonstrated that "Deutsche Bank ha[d] a colorable claim to a security interest in the . . . [Everett] [P]roperty." (Tr. at 24 (citing DOT, Assigned DOT).) Accordingly, the record supports the bankruptcy court's stay relief order.

Ms. Bergeron asserts that the bankruptcy court erred by "fail[ing] to probe the validity of the documents presented" by Carrington in support of Deutshe Bank's claim to relief. (App. Br. at 9.) Specifically, Ms. Bergeron asserts that Carrington "presented false and/or fraudulent documentation" in support of its stay relief claim. (*Id.* at 9-10.) Ms. Bergeron, however, did not provide the bankruptcy court with any evidence

ORDER - 10

demonstrating that the documents are false or fraudulent.[7] (*See generally* Tr.; Obj. (Bankr. Dkt. # 32) (Ms. Bergeron's objection to the stay relief motion).) Rather, Ms. Bergeron's argument centers on the fact that Carrington did not produce the original "wet-ink" note. (App. Br. at 5, 9-10; *see also* Tr. at 18 (Ms. Bergeron asserting that "the Movant is a debt collector who is not the holder of the original wet-ink [N]ote"); Obj. at 6-7, 8, 9, 10 (arguing that Carrington only produced a "copy" of the Note).) But without additional evidence showing that Deutsche Bank is not the holder of the Note or that the loan documents are illegitimate, copies of the Note and deed of trust are sufficient to establish that Deutsche Bank holds the Note for purposes of a stay relief motion. *See Griffin*, 2012 WL 1191894, at *4-5 (affirming bankruptcy court's stay relief order when movant provided copies of original note), *aff'd*, 719 F.3d 1126 (9th Cir. 2013). Accordingly, the court finds no error in the bankruptcy court's determination based on the record evidence.

        3. <u>Cause for Stay Relief</u>

After determining that Deutsche Bank had a colorable claim to a security interest in the Everett Property and that Carrington had standing, the bankruptcy court granted Carrington's request for stay relief pursuant to § 362(d)(1). (*See* Tr. at 24-25.) Section

---

[7] Ms. Bergeron represents that, in the state court foreclosure proceedings, she "inspect[ed] the note that Car[r]ington claimed was the original wet-ink note" and submitted a declaration "disput[ing]" that the proffered document was the original. (App. Br. at 7.) She asserts that "no ruling or determination has been made in any court regarding the authenticity of the note that Carrington claims is the 'original.'" (*Id.*) Because these declarations were not before the bankruptcy court (*see generally* Bankr. Dkt.), the court does not consider those declarations in this appeal.

362(d)(1) provides that the bankruptcy court "shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). The "cause" explicitly referenced in § 362(d)(1) is lack of adequate protection, but that is only "one example[,]" and cause "must be determined on a case-by-case basis." *In re B & I Realty Co., Inc.*, 158 B.R. 220, 223 (Bankr. W.D. Wash. 1993). "[A] debtor's persistent failure to make payments, standing alone, may constitute adequate cause for relief from stay." *In re Aguilar*, No. 13-02076-BR, 2014 WL 6981285 (B.A.P. 9th Cir. Dec. 10, 2014), *aff'd*, 677 F. App'x 328 (9th Cir. 2017). The party seeking to maintain the automatic stay—in this instance, Ms. Bergeron—bears the burden of proving that there is no cause to terminate the stay. *Aguilar*, 2014 WL 6981285 at *4.

Here, the bankruptcy court held that cause existed under § 362(d)(1) to grant Carrington relief from the stay because Ms. Bergeron had not made any payments on the loan "for over fifteen years" and "neither [Ms. Bergeron] nor the [chapter 7] trustee ha[d] made any payments since the petition da[te]." (Tr. at 25; *see also id.* ("The last payment asserted by [Ms. Bergeron] was made in May 2008.").) Ms. Bergeron's "persistent failure" to make payments on the loan constitutes adequate cause to grant stay relief. *See Aguilar*, 2014 WL 6981285 at *4. Ms. Bergeron did not provide any evidence to rebut the bankruptcy court findings regarding her payment. (*See generally* Tr.) Accordingly,

the bankruptcy court did not abuse its discretion in granting Carrington stay relief under § 362(d)(1).[8]

4. Proof of Claim

Ms. Bergeron also argues that the bankruptcy court failed to consider that Carrington did not file a proof of claim in her chapter 7 case. (App. Br. at 10.) She further asserts that this failure precludes the lifting of the stay as to Carrington. *See id.* Secured creditors, however, are not required to file proofs of claim in chapter 7 cases to preserve their security interests; rather, such interests "pass through the bankruptcy unaffected despite the abence of a proof of claim." *Aguilar*, 2014 WL 6981285 at *8. Accordingly, the bankruptcy court correctly determined that Carrington's failure to file a proof of claim had no bearing on Carrington's stay relief motion. (*See* Tr. at 19 (stating that Carrington's failure to file a proof of claim "doesn't really have anything to do with a motion for relief from stay.").)

---

[8] Additionally, the bankruptcy court noted that Ms. Bergeron has no equity in the Everett Property. (Tr. at 21-22 (noting that the Everett Property is valued at $800,000 and that Ms. Bergeron owes $998,179.06, plus interest, on the loan).) Accordingly, as the bankruptcy court observed, Carrington would have been entitled to stay relief under 11 U.S.C. § 362(d)(2)(A) (providing that the court shall grant stay relief if "the debtor does not have equity in such property[.]"); (*see* Tr. at 22 ("[Carrington] is not seeking relief from stay pursuant to 11 U.S.C. § 362[](d)(2), but the Court observes that based on the schedule's value and the amount owing on the [P]roperty, there appears to be no equity in the [P]roperty.").)

## IV. CONCLUSION

For the foregoing reasons, the court AFFIRMS the bankruptcy court's stay relief order. Ms. Bergeron's motion to file supplemental briefing (Dkt. # 30) is DENIED. This case is DISMISSED with prejudice.

Dated this 4th day of March, 2025.

JAMES L. ROBART
United States District Judge