UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN ASTRID BERGERON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1,<br><br>　　　　　　Defendant. | CASE NO. C24-0929JLR<br><br>ORDER |

**I.　　INTRODUCTION**

Before the court is *pro se* Plaintiff-Appellant Carmen Astrid Bergeron's motion to stay the enforcement of: (1) the court's March 4, 2025 order and judgment affirming the lift-stay order of the United States Bankruptcy Court for the Western District of Washington; and (2) the court's April 2, 2025 order denying Ms. Bergeron's motions

ORDER - 1

seeking (i) relief under Federal Rule of Civil Procedure 59(e); and (ii) a stay of the sale of her property pending resolution of her Rule 59(e) motion. (Mot. (Dkt. # 38); 3/4/25 Order (Dkt. # 31); Judgment (Dkt. # 32); 4/2/25 Order (Dkt. # 36).) To ensure the "just, speedy, and inexpensive determination" of this proceeding, the court exercises its discretion to consider Ms. Bergeron's motion before its noting date. Fed. R. Civ. P. 1. The court has reviewed Ms. Bergeron's motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Ms. Bergeron's motion.

## II. BACKGROUND[1]

This matter arises out of Ms. Bergeron's chapter 7 bankruptcy case. *See In re Carmen Astrid Bergeron*, 23-12506CMA (Bankr. W.D. Wash.). On June 12, 2024, the bankruptcy court entered an order authorizing Carrington Mortgage Services ("Carrington") as servicing agent for Defendant-Appellee Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-1 ("Deutsche Bank"), relief from the automatic stay to proceed with judicial foreclosure proceedings to enforce Deutsche Bank's security interest in Ms. Bergeron's real property located in Everett, Washington (the "Everett Property"). (*See* 3/4/25 Order at 3.) On March 4, 2025, the court affirmed the bankruptcy court's lift-stay order and entered judgment. (*See id.*; Judgment.)

---

[1] The court detailed the factual and procedural background of this case in its March 4, 2025 and April 2, 2025 orders and does not repeat that background here except as relevant to this order.

seeking (i) relief under Federal Rule of Civil Procedure 59(e); and (ii) a stay of the sale of her property pending resolution of her Rule 59(e) motion. (Mot. (Dkt. # 38); 3/4/25 Order (Dkt. # 31); Judgment (Dkt. # 32); 4/2/25 Order (Dkt. # 36).) To ensure the "just, speedy, and inexpensive determination" of this proceeding, the court exercises its discretion to consider Ms. Bergeron's motion before its noting date. Fed. R. Civ. P. 1. The court has reviewed Ms. Bergeron's motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Ms. Bergeron's motion.

## II. BACKGROUND[1]

This matter arises out of Ms. Bergeron's chapter 7 bankruptcy case. *See In re Carmen Astrid Bergeron*, 23-12506CMA (Bankr. W.D. Wash.). On June 12, 2024, the bankruptcy court entered an order authorizing Carrington Mortgage Services ("Carrington") as servicing agent for Defendant-Appellee Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-1 ("Deutsche Bank"), relief from the automatic stay to proceed with judicial foreclosure proceedings to enforce Deutsche Bank's security interest in Ms. Bergeron's real property located in Everett, Washington (the "Everett Property"). (*See* 3/4/25 Order at 3.) On March 4, 2025, the court affirmed the bankruptcy court's lift-stay order and entered judgment. (*See id.*; Judgment.)

---

[1] The court detailed the factual and procedural background of this case in its March 4, 2025 and April 2, 2025 orders and does not repeat that background here except as relevant to this order.

On April 1, 2025, Ms. Bergeron moved to alter or amend the court's March 4, 2024 order pursuant to Rule 59(e) and simultaneously moved for relief to stay and enjoin the sale of the Everett Property pending resolution of the Rule 59(e) motion and a separate motion that was not before this court.[2] (Rule 59 Mot. (Dkt. # 34); 4/1/25 Mot. (Dkt. # 35).) On April 2, 2025, the court denied both of Ms. Bergeron's motions on the basis that they were based on evidence that was not before the bankruptcy court at the time of its June 12, 2024 order and that was therefore beyond the scope of Ms. Bergeron's appeal. (*See* 4/2/25 Order at 3-4.)

On May 2, 2025, Ms. Bergeron appealed the court's March 4, 2025 order and judgment and the court's April 2, 2025 order to the United States Court of Appeals for the Ninth Circuit. (Not. (Dkt. # 37).) On May 6, 2025, Ms. Bergeron filed the present motion seeking a stay of the enforcement of the court's March 4, 2025 and April 2, 2025 orders. (*See* Mot.)[3] For the reasons that follow, the court denies Ms. Bergeron's motion.

### III.   ANALYSIS

When "it is efficient for its own docket and the fairest course for the parties [is] a stay of an action before it," the district court may enter a stay "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v.*

---

[2] Ms. Bergeron had also filed a "motion for leave to appeal interlocutory order" in a related appeal before the Honorable United States District Judge Marsha J. Pechman. *See Bergeron v. Wood*, C24-1682MJP (W.D. Wash.), Dkt. # 15.

[3] Ms. Bergeron correctly filed the motion in this court, because Federal Rule of Bankruptcy Procedure 8025(b)(1) requires a litigant to file a motion in the district court when seeking a stay of the district court's judgment pending an appeal to the circuit court. *See* Fed. R. Bankr. P. 8025(b)(1) ("On a party's motion and notice to all other parties to the appeal, the district court . . . may stay its judgment pending an appeal to the court of appeals.").

*Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted). "A stay is not a matter of right[.]" *Nken v. Holder*, 556 U.S. 418, 434 (2009). Rather, it is "an exercise of judicial discretion . . . [that] is dependent upon the circumstances of the particular case." *Id.* (cleaned up and citation omitted). The court's decision whether to grant a stay pending appeal is guided by an analysis of the *Nken* factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the most critical. *See Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

A.  **Likelihood of Success on the Merits**

To justify a stay, Ms. Bergeron must make a strong showing that she is likely to succeed on the merits, or at least that she has a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (citations omitted). Ms. Bergeron has not made that showing here. As a threshold matter, Ms. Bergeron did not timely appeal the court's March 4, 2025 order and judgment, as her notice of appeal was not filed until May 2, 2025—more than 30 days after the March 4, 2025 order and judgment were entered. (*See generally* Not.; 3/4/25 Order; Judgment); Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of judgment or order appealed from."). Additionally, setting aside her untimely appeal, Ms. Bergeron has not made a "substantial case for relief on the merits"

with respect to the court's March 4, 2025 and April 2, 2025 orders. *See Leiva-Perez*, 640 F.3d at 967-68. The scope of Ms. Bergeron's appeal—and therefore the court's March 4 order—was limited to reviewing the bankruptcy court's June 12, 2024 order lifting the automatic stay as to Carrington on behalf of Deutsche Bank. (*See* 3/4/25 Order at 4.) The court's April 2 order denied Ms. Bergeron relief under Rule 59(e) because the arguments that she made in support of her motion were based on "newly surfaced facts" that were "all discovered *after* entry of the [c]ourt's March 4, 2025 order." (*See* 4/2/25 Order at 4, 5; Rule 59(e) Mot. at 2, 6 (emphasis added).) Ms. Bergeron presents the *same* "newly surfaced" arguments in support of stay relief here. (*See* Mot. at 6 ("The District Court declined to consider these post-judgment facts despite their materiality.").) Because these arguments were not before the bankruptcy court at the time of its June 12, 2024 order, they were not within the scope of Ms. Bergeron's appeal to this court. *See In re Yun*, 476 B.R. 243, 251 (B.A.P. 9th Cir. 2012) ("[A]n appellate court will not consider an issue unless it was raised and considered by the [bankruptcy] court.").

Notably, Ms. Bergeron appears to argue that her appeal to the Ninth Circuit is based on the chapter 7 trustee's execution of a Purchase and Sale Agreement purporting to sell the Everett Property. (Mot. at 2-3.) Specifically, Ms. Bergeron asserts that "the basis for the sale was a materially altered order" drafted by the trustee's counsel, which, in Ms. Bergeron's view, "misrepresented" a September 4, 2024 oral ruling[4] of the

---

[4] Ms. Bergeron appealed the September 4, 2024 ruling of the bankruptcy court in a related case that is not before this court. *See Bergeron v. Wood*, C24-1682MJP (W.D. Wash.). That appeal was dismissed and the case was closed in December 2024. *See id.*, Dkt. # 9.

bankruptcy court.  (Mot. at 2-3; *see id.* at 6, 9.)  Accordingly, Ms. Bergeron's appeal does not appear to relate to the bankruptcy court's June 12, 2024 lift-stay order.  The court therefore concludes that Ms. Bergeron has not demonstrated the likelihood of success on the merits.

**B.     Irreparable Harm**

Ms. Bergeron asserts that "irreparable harm is imminent" because she is "at risk of permanently losing her homestead, which is the subject of a fraudulent sale."  (Mot. at 7 (capitalization omitted).)  Ms. Bergeron, however, has not demonstrated how a stay of the enforcement of the court's March 4 and April 2 orders—which were limited to review of the bankruptcy court's June 12, 2024 order—will resolve that risk.  Accordingly, the court concludes that this factor does not weigh in favor of a stay here.

If the party requesting a stay "has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the [movant's] proof regarding the other stay factors."  *Leiva-Perez*, 640 F.3d at 965 (citing *Nken*, 556 U.S. at 433-35).  Because Ms. Bergeron has not demonstrated irreparable harm resulting from the enforcement of the court's March 4 and April 2 orders, the court does not address the third and fourth *Nken* factors here.  *Nken*, 556 U.S. at 426.

**C.     Potential Future Motions**

The court observes that Ms. Bergeron's Rule 59(e) motion and both of her April 1, 2025 motions were based on arguments and evidence that were not before the bankruptcy court at the time of its June 12, 2024 order and are therefore outside the scope of the present appeal.  (*See* Mot.; Rule 59(e) Mot.; 4/1/25 Mot.)  The court has repeatedly

reminded Ms. Bergeron that it will not consider new arguments and evidence that were not raised before and considered by the bankruptcy court. (*See* 3/4/25 Order at 5-6; 4/2/25 Order at 5.) Therefore, before filing any additional motions in this case, Ms. Bergeron must first submit a letter to the court demonstrating that any relief she intends to seek is based on evidence that was before the bankruptcy court at the time of its June 12, 2024 order. The court warns Ms. Bergeron that it will strike any additional motions filed in this case that are based on evidence outside the scope of this appeal.

## IV.    CONCLUSION

For the foregoing reasons, Ms. Bergeron's motion to stay is DENIED (Dkt. # 38).

Dated this 8th day of May, 2025.

_____
JAMES L. ROBART
United States District Judge