UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN ASTRID BERGERON,<br><br>   Plaintiff,<br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1,<br><br>   Defendant. | CASE NO. C24-0929JLR<br><br>ORDER |

Before the court is *pro se* Appellant Carmen Astrid Bergeron's letter seeking authorization to file a motion for reconsideration or to supplement the record in this appeal. (Letter (Dkt. # 43).) For the reasons explained more fully below, the court DENIES Ms. Bergeron's request.

ORDER - 1

1  On March 4, 2025, the court affirmed the June 12, 2024 order of the United States
2 Bankruptcy Court for the Western District of Washington granting Carrington Mortgage
3 Services as servicing agent for Defendant-Appellee Deutsche Bank National Trust
4 Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-1 relief
5 from the automatic stay.  (*See* 3/4/25 Order (Dkt. # 31); Judgment (Dkt. # 32)); *see In re*
6 *Carmen Astrid Bergeron*, 23-12506CMA (Bankr. W.D. Wash.), Bankr. Dkt. # 37.[1]  In its
7 March 4 order, the court denied Ms. Bergeron's request for leave to file supplemental
8 briefing to address certain "newly discovered evidence" because she did not show that
9 the evidence was before the bankruptcy court at the time of its June 12, 2024 order.  (*See*
10 3/4/25 Order at 5-6; *id.* at 6 (citing *In re Yun*, 476 B.R. 243, 251 (9th Cir. BAP 2012)
11 ("an appellate court will not consider an issue unless it was raised and considered by the
12 [bankruptcy] court")); *In re Home America T.V.-Appliance Audio*, Inc., 232 F.3d 1046,
13 1052 (9th Cir. 2000) (declining to consider on appeal a new legal argument never
14 presented to the bankruptcy court)).)

15  On April 1, 2025, Ms. Bergeron moved to alter or amend the court's March 4
16 order and judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Rule 59 Mot.
17 (Dkt. # 34).)  Ms. Bergeron, in pertinent part, argued that Rule 59(e) relief was
18 appropriate based on "newly surfaced facts" "all discovered after entry of the [c]ourt's
19 March 4, 2025 order."  (*Id.* at 2, 6.)  On April 2, 2024, the court denied Ms. Bergeron's
20 Rule 59(e) motion because she did not show that these "newly surfaced facts" were raised

21

22 [1] Citations to the "Bankr. Dkt." refer to the applicable docket number of the bankruptcy docket filings included in the record on appeal.

ORDER - 2

before or considered by the bankruptcy court at the time of its June 12, 2024 order. (4/2/25 Order (Dkt. # 36) at 5.) The court warned Ms. Bergeron that it would not consider "new" evidence that was not before the bankruptcy court in this appeal. (*Id.*) Ms. Bergeron appealed the court's March 4 and April 2 orders on May 5, 2025. (Not. App. (Dkt. # 37).)

On May 6, 2025, Ms. Bergeron moved to stay the enforcement of the court's March 4 and April 2 orders pending the resolution of her appeal to the Ninth Circuit. (MTS (Dkt. # 38).) On May 8, 2025, the court denied Ms. Bergeron's motion and, in pertinent part, observed that she had repeatedly attempted to raise "new" arguments that were not before the bankruptcy court at the time of its June 12, 2024 order, despite the court's repeated reminders that it would not consider such evidence in this appeal. (5/8/25 Order (Dkt. # 39) at 5, 7.) Consequently, the court ordered that, before filing any future motions in this case, Ms. Bergeron must first submit a letter to the court demonstrating that any relief she intends to seek is based on evidence that was before the bankruptcy court at the time of its June 12, 2024 order. (*Id.* at 7.)

On May 15, 2025, Ms. Bergeron filed a letter seeking leave to "file a . . . motion for reconsideration or to supplement the record" based on evidence regarding the chapter 7 trustee's alleged "use of a materially altered written 'Order Compelling Cooperation'" to initiate the sale of Ms. Bergeron's homestead. (Letter at 1-2.) Ms. Bergeron represents that this "altered" order was drafted and submitted by the trustee in September

ORDER - 3

1  2024—two months *after* the bankruptcy court's June 12, 2024 order was entered. (*Id.* at 1.)[2]

Because this "altered" order was not raised before or considered by the bankruptcy court at the time of its June 12, 2024 order, the court DENIES Ms. Bergeron's request for leave to file another motion or to supplement the record in this matter. The court will strike any additional requests by Ms. Bergeron to consider new evidence in this appeal.

Dated this 9th day of September, 2025.

JAMES L. ROBART
United States District Judge

---

[2] Mr. Bergeron further represents that this "altered" order is the subject of a related appeal that is not pending before this court. (Letter at 1); *see Bergeron v. Wood*, No. C24-1682MJP (W.D. Wash.). That appeal was dismissed and the case was closed in December 2024. *See Wood*, No. C24-1682MJP, Dkt. # 9.

ORDER - 4